[No. 1282.]

## J. B. GALLAGHER, AS ADMINISTRATOR OF THE ESTATE OF JAMES MERRITT, DECEASED, RESPONDENT, *v.* A. J. HOLLAND, APPELLANT.

CONSTRUCTION OF LEASE—RENTING ON SHARES.—A clause in a lease of both real and personal property that the lessee "is to have the privi_ lege to sell any of the horses, and replace the same with horses out of his share of the increase of said horses," is properly construed to mean that for horses sold by the lessee "he should return of the increase * * * animals of about the same value."

IDEM — CONDITIONAL ACCEPTANCE OF PROPERTY—WHEN NOT SETTLEMENT—VALUE OF HORSES AND MULES.—The lessor, in lieu of horses sold by the lessee, refused to accept an equal number of mules because they were not of equal value with the horses; but did accept them conditionally, with the understanding that the facts should be submitted to the district judge and his decision should govern both parties. The lessee, thereafter, refused to submit the case to the judge: *Held,* that the conditional acceptance of the mules did not amount to a settlement under the lease, and that, upon the facts, the question whether mules could be returned instead of horses was properly eliminated from the case.

IDEM—ACTION TO RECOVER VALUE OF CERTAIN HORSES—PLEADINGS—VERDICT.—In this action to recover the value of the horses sold by the lessee, the jury found for plaintiff in the sum of two hundred dollars—the difference in value between the horses sold and of the mules delivered: *Held,* that the verdict was sustained by the evidence and was responsive to the issues raised by the pleadings.

EXECUTORS AND ADMINISTRATORS — VALIDITY OF APPOINTMENT— COLLATERAL ATTACK—FAILURE TO TAKE OATH.—The authority of an administrator cannot be attacked in a collateral proceeding, because the oath provided by statute (Gen. Stat. 2739) was not taken until after the letters were issued, and was then taken before a notary public, since the letters, having been regularly issued, are valid until revoked; the irregularities complained of were cured by taking the oath before the proper officer before the trial of the case.

Appeal from the District Court of the State of Nevada, Lyon County.

RICHARD RISING, District Judge.

This action was brought by the administrator of the estate of Merritt to recover from appellant the sum of eleven hundred dollars, the alleged value of six horses sold by appellant under the terms of a lease as set forth in the opinion. Appellant in his answer denied the material allegations of the complaint and in addition affirmatively pleaded a full performance of all the conditions of the lease on his part.

In addition to the instructions set forth in the opinion, the district court instructed the jury as follows:

"The first question for your consideration is this: At the time Holland turned in these six mules did Gallagher accept them in compliance of the contract? If he did, that ends the case, because Gallagher had a right to accept them, and that would have discharged Holland. If Gallagher did not receive them in full satisfaction of that portion of the lease, then it is for you to determine whether or not the value of the animals was proportionally the same as the animals that had been sold. That you must determine from the testimony of the witnesses.

"I will state the manner in which you should ascertain this: You will not consider the profits which had resulted from the transaction in this jack, but you will take, in the first instance: What were the three animals worth which Holland traded, with the money, for this jack; what were the horses worth, the two sorrels and this old horse. * * *

"Next you will take into consideration the value of these six mules at the time that they were traded. If you believe these mules as tendered were of about the value of the horses that Holland sold, then that would be a compliance with the lease, and your judgment should be for Holland. If you believe, upon the other hand, from the evidence, that there is a difference in value between these horses sold and the mules tendered in satisfaction, and that this difference was unfair, you will then decide what the difference is, and the plaintiff will be entitled to receive the difference."

*W. E. F. Deal,* for Appellant:

I. Contended that the evidence was insufficient to justify the verdict; that there never was any legal agreement to submit the case; that the case should be determined solely upon the issues raised by the pleadings; that it was not so tried and that the court placed a wrong construction upon the lease.

II. That respondent is not, and never has been, the administrator of the estate of James Merritt, deceased. (*Colburn* v. *Ellis,* 5 Mass. 430; *Payne* v. *San Francisco,* 3 Cal. 127; *Matter of Estate of Hamilton,* 34 Cal. 468; *Pryor* v. *Downey,* 50 Cal. 399; 19 Am. Rep. 656; *Thomas* v. *Owens,* 4 Md. 220; *Dunn* v. *Ketchum,* 38 Cal. 99.)

*Trenmor Coffin*, for Respondent.

I. The order appointing Gallagher administrator and the issuance of letters to him and also the letters of administration are conclusive and binding upon all the world and cannot be attacked collaterally. (Freem. Judg., Secs. 319a, 608; Big. Est. 146-6, 160; *Lucich* v. *Medin*, 3 Nev. 105, 93 Am. Dec. 376; *Estate of Millenovich*, 5 Nev. 187; *Royce* v. *Hampton*, 16 Nev. 25.)

II. Having contracted to replace the horses sold with a specified kind of horses, appellant could only satisfy the contract by a delivery of horses of the kind named. (1 Pars. Cont. 536; 2 Id. 645-655; *Clark* v. *Pinney*, 7 Cow. 681; *Dennett* v. *Short*, 7 Greenl. 150; 20 Am. Dec. 356; *Filley* v. *Pope*, 115 U. S. 220.)

By the Court, HAWLEY, J.:

James Merritt, in his life-time, leased appellant certain lands and personal property. One of the questions at issue in this case depends upon the construction of the following clause in the lease: "And it is agreed that the party of the second part is to have the privilege to sell any of the said horses, and replace the same with horses out of his share of the increase of said horses." During the pendency of this lease, appellant traded three horses for a jack, and sold three others, making six in all. At the termination of the lease respondent and appellant met, by agreement, and endeavored to make a division of the property under the terms of the lease. Appellant offered to replace the six horses which he had sold with six mules, the issue of mares belonging to the estate. Respondent refused to accept the mules, because they were not of equal value with the horses that had been sold; but agreed to accept them conditionally, with the understanding that the facts should be submitted to the district judge, and that his ruling thereon should govern the parties. There is a conflict in the testimony as to whether appellant consented at that time, to submit the matter to the district judge, but it is apparent from all the testimony that such was the understanding of respondent, and that he did not, as claimed by appellant, accept the six mules in settlement of the whole matter. Upon appellant's refusal to make an agreed case to be submitted to the district judge, this suit was brought, and upon the trial the court properly instructed the jury that "the question whether or not the

mules can be returned for horses is out of the case, for the reason that the plaintiff, when Holland offered the six mules, took them into his possession conditionally. He did not reject them on the ground that they were mules, and could not be returned in place of six horses under the lease. He took them conditioned as to whether or not they were of such value as the horses that had been sold, and not as to whether he had a right to accept them." The court further instructed the jury that the clause in the lease should be " construed reasonably, with a view to fair dealing between the parties. The proper interpretation of that provision of the lease is, that if the lessee was to sell any horses belonging to the lessor, * * * that he should return, of the increase, * * * animals of about the same value." This, in our opinion, was a correct interpretation of the lease.

The jury found a verdict in favor of respondent for two hundred dollars. This verdict is sustained by the evidence, and is responsive to the issues raised by the pleadings. The various objections urged thereto by appellant are not well taken.

Appellant contends that respondent is not, and never was, administrator of the estate of James Merritt, deceased. This contention is based upon the following facts: Letters of administration were regularly issued to him on the thirteenth of June, 1885. On the seventeenth of August, 1885, he took the oath prescribed by section 72 of the act to regulate the settlement of the estates of deceased persons, (Stat. 1861, 196; Gen. Stat. 2739,) before a notary public; and on the twenty-second day of August, 1887, after this suit was commenced, but before the trial, he took the official oath prescribed by the act approved January 16, 1865, (Stat. 1864-65, 96; Gen. Stat. 1737,) before the county clerk of Lyon county. The letters issued by order of the court justified respondent in his acts as administrator, and furnished ample protection to all parties dealing with him as such. The irregularity in the grant of the letters of administration cannot be taken advantage of in a collateral proceeding. The letters must be regarded as valid until they are regularly revoked. Moreover, the irregularities complained of were cured by taking the oath before the proper officer. The judgment of the district court is affirmed.