ESTWIN CORPORATION, Appellant, v. PRESCRIP-
TION CENTER PHARMACY, INC., Doing Business
As LANDMARK PHARMACY; AND DONALD
IGLINSKI, Respondents.

No. 8618

April 25, 1977                                        563 P.2d 78

*Dickerson, Miles & Pico,* of Las Vegas, for Appellant.

*Scotty Gladstone,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Estwin Corporation leased a store in a Las Vegas shopping center to Prescription Center Pharmacy, Inc., in August of 1972. In 1974 a dispute arose concerning the proper interpretation of Section 3.06 of the written lease agreement which provides for an upward adjustment of the fixed minimum rent calculated annually with reference to the percentage increase of the United States Consumer Price Index (CPI). Estwin Corporation filed an action for declaratory relief and appeals from the adoption by the lower court of lessee's interpretation of the clause in question.

The rent payable under the ten-year lease prepared by Estwin Corporation was calculated by taking the fixed minimum rent, which automatically increased after four years; adding to that any amount by which a percentage of the gross annual sales exceeded the minimum; and additionally, annually adjusting the fixed minimum rental upward by the percentage which the CPI had moved since the last adjustment. The different interpretations of the last clause by lessor and lessee resulted in this action. That section of the lease provides:

3.06. At the end of each one year period subsequent to the execution of this lease the fixed minimum rent shall be adjusted upward if the cost of living index as provided herein discloses an increase in the cost of living, according to the United States Consumer Price Index. Said rent shall be adjusted upward *by the percent which said price index has moved since the last adjustment in rent*. In any event, said fixed minimum rent shall not be less than provided in Section 3.03. The United States Consumer Price Index as of the effective day of this lease as represented by the United States Department of Labor, Bureau of Statistics for the United States area, is agreed by the parties to stand at 125.0 as of June, 1972, and *that this is to be used as the base hereinafter*. Emphasis added.

Appellant-lessor contends that the proper method of calculating the increase is to divide the current consumer price index by the base 125.0, multiply that by the fixed minimum rent, and add the resulting figure to the last adjusted rent. Respondent-lessee claims the proper method is to subtract the last applicable consumer price index from the current index figure, divide the difference by the last applicable index figure, apply that percentage to the fixed minimum rent, and add the resulting figure to the last adjusted rent. Appellant's construction emphasizes the last phrase of § 3.06, while respondent's follows from the language "by the percent which said price index has moved since the last adjustment in rent."

The lower court found the language of the provision ambiguous and therefore construed it against the lessor-draftsman. The court declared the proper computation as follows:

The cost of living index published as of June of each year, shall be annually compared with that as published for June of the preceding year, and if there has been an increase, the number of points of increase shall be divided by the index for June of the preceding year, and

the resultant percentage shall be the percentage of increase for the year. During the first four years of the lease, such resultant percentage shall then be multiplied times the base fixed rental of $3,250.00 and the result thereof shall be added to the last preceding monthly rental, and this shall be the monthly rental for the next ensuing year. After the fourth year, such percentage shall be multiplied times the base fixed minimum rental of $4,000.00 and added to the last previous monthly rental to produce the new monthly rental for the next ensuing year.

We have reviewed the entire record and conclude that the lower court's construction of the disputed provision is reasonable with a view to fair dealing between the parties. Gallagher v. Holland, 20 Nev. 164, 18 P. 834 (1888).

Affirmed.