STERN FIXTURE CO.,
Plaintiff–Respondent,
Cross–Appellant,

v.

Joseph I. LAYTON, et al.,
Defendant–Appellant,
Cross–Respondent.

Nos. 52444, 52582.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 20, 1988.

Application to Transfer Denied
July 26, 1988.

Neil John Bruntrager, St. Louis, for defendant-appellant, cross-respondent.

Nancy K. Gardner, Jay E. Sushelsky, St. Louis, for plaintiff-respondent, cross-appellant.

STEPHAN, Presiding Judge.

Joseph I. Layton and Crystal Tree, Inc., defendant makers of a promissory note, appeal from a judgment for Stern Fixture Company, plaintiff holder, in this suit for default on the note. Stern Fixture Company moves to dismiss the appeal, requests damages for frivolous appeal, and cross-appeals. The pertinent facts are these:

Stern Fixture Company sold Crystal Tree, Inc. restaurant fixtures and equipment on open account, but later came to question Crystal Tree's ability or willingness to pay. To reassure Stern Fixture, Crystal Tree and its president, Joseph I. Layton, executed a promissory note for $14,870.25, the account's balance, in Stern Fixture's favor. The note, executed August 13, 1982, provided for payment in full without interest on or before September 13, 1982, and further provided that in the event Stern Fixture had to resort to collection procedures, Layton and Crystal Tree would pay attorney's fees in the amount of 15% of the note's unpaid balance. Layton and Crystal Tree defaulted on the note. Stern Fixture sued for the unpaid balance ($14,-870.25) and attorney's fees ($2,230.54).

Though Layton and Crystal Tree answered Stern Fixture's petition with only a general denial, at trial they offered evidence that some of the equipment Stern Fixture had furnished them was defective. Stern Fixture did not object to this attempt to prove matters outside the pleadings. The trial court found Layton and Crystal Tree liable on the note but awarded them, as a setoff, $2,727.00, the retail value of the allegedly defective equipment. The court granted Stern Fixture only $1,000.00 in attorney's fees and did not award prejudgment interest.

## I

### The Appeal

Layton and Crystal Tree raise, or attempt to raise, only one point on appeal, to wit:

THE TRIAL COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF PLAINTIFF AND ONLY ALLOWING A [sic] $2,727.00 AS A SETOFF IN FAVOR OF DEFENDANTS FOR THE REASON THAT THE COURT MISAPPLIED THE LAW.

Stern Fixture asserts this point wholly fails to comply with Rule 84.04(d). We agree. The conclusory statement that the trial court "misapplied the law" in entering judgment for plaintiff and only allowing defendants a $2,727.00 setoff fails to satisfy Rule 84.04(d)'s requirement that a point relied on state "wherein and why" the judgment is claimed to be erroneous. We have gratuitously attempted to discern the basis for this claim of error, but a review of defendants' argument and the record on appeal has left us speculating.

Defendants appear to be dissatisfied with the effect the trial court gave this language, which follows defendants' signatures on the promissory note:

The above note is signed subject to an agreed upon adjustment for the unsatisfactory shelves fabricated for all grills. After an adjustment for the items in storage and for an agreed upon adjustment after the verification of the invoices.

Defendants seem to be asserting that plaintiff's tender of the "agreed upon adjustment" was a condition precedent to defendants' obligation to satisfy the note, and that inasmuch as no tender was made, defendants' obligation on the note never matured. Whether the parties intended the above-quoted language to create a condition precedent, however, is a question of fact which the trial court has, with its judgment for plaintiff, implicitly resolved adversely to defendants. Because there is evidence in the record to support the trial court's conclusion, we would reject defendants' claim of error. See *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Defendants, however, have failed to preserve any claim for review. The appeal is dismissed for failure to comply with Rule

84.04(d). Damages for frivolous appeal are denied.

## II

### The Cross–Appeal

In its first point on cross-appeal, plaintiff challenges the setoff award as error, asserting there is no evidence to support the trial court's conclusion that $2727.00 was the "agreed upon adjustment for the unsatisfactory shelves fabricated for all grills". The point has merit. Although plaintiff is bound by its counsel's admission that the grills had a total retail price of $2,727.00 [1], and although defendants did adduce some evidence that the grills were defective in some respects and that plaintiff had agreed to make an "adjustment" for the defects, defendants neither asserted nor attempted to prove that crediting defendants with the grills' entire retail value was the adjustment plaintiff agreed to make. In fact, defendants made no attempt to prove what plaintiff agreed to, and plaintiff denied such an agreement had ever been reached.

■ A court cannot, under the guise of construing an agreement, write provisions into it when the record neither shows what the parties actually intended nor provides a basis for determining by some rule of implication or construction what the parties must have intended, or should be held to have intended, as reasonable persons acting in good faith. *Johnston v. First National Bank and Trust Company of Joplin*, 624 S.W.2d 500, 502 (Mo.App.1981). A court cannot make a contract for the parties that they did not make for themselves, or impose upon the parties obligations they have not assumed. *Id.* at 503.

■ What obligation did plaintiff assume when it agreed, if indeed it did agree, to make an adjustment for the defective grills? Did it agree to correct the defects? Did it agree to pay defendants diminution in value? Did it agree to take the grills back and refund the purchase price? Or did it, as the trial court apparently found, agree to abandon the grills and credit defendant with their entire retail value? The

record is silent on this score. The judgment, insofar as it awards defendants a $2,727.00 setoff, accordingly is reversed.

■ In its second point, plaintiff asserts the trial court erred in awarding only $1,000.00 in attorney's fees when the terms of the note dictated an award of 15% of the note's unpaid balance. Plaintiff is correct. It has long been recognized that a provision in a promissory note for the payment of an attorney's fee in collection is binding and enforceable. *American Savings Bank v. Sutton*, 204 S.W. 572 (Mo.App.1918). The trial court is not at liberty to ignore it, absent proof that to enforce it would be unreasonable and unconscionable. *Id.* Defendants neither alleged nor adduced proof that to enforce the provision would be unreasonable and unconscionable. Cf. *Murphy v. Grisham*, 625 S.W.2d 215, 217 (Mo. App.1981). The trial court was thus obliged to give the provision effect.

■ In its final point, plaintiff contends it is entitled to pre-judgment interest on the unpaid balance of the note at the rate of 9% per annum commencing September 13, 1982, the date the note became due and payable. Defendants, however, assert plaintiff is not entitled to pre-judgment interest because no prayer for interest appears in the petition. Defendants are wrong. Section 408.020, RSMo 1986, mandates that creditors "... be allowed to receive interest at the rate of nine per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts...." To claim the benefit of § 408.020, a plaintiff creditor need not specifically ask for interest in the prayer of his petition. A prayer that the court "grant such other and further relief as the court deems just and proper" is sufficient. *Haynes v. Allen*, 482 S.W.2d 85, 88 (Mo.App.1972). If an award of pre-judgment interest is appropriate, as it is in a liquidated claim, the trial court has no discretion but to award it. *California and Hawaiian Sugar Co. v. Kansas City Terminal Warehouse Co., Inc.*, 602 F.Supp. 183, 190 (D.C.Mo.1985), aff'd, 788

1. See *Parr v. Missouri Farmers Association, Inc.*, 567 S.W.2d 724, 727 (Mo.App.1978).

F.2d 1331 (8th Cir.1986). Plaintiff's petition included a prayer "for such other and further relief as the Court deems just and proper". Defendants do not dispute that plaintiff's was a liquidated claim. An award of pre-judgment interest was therefore mandated.

The judgment insofar as it awards plaintiff $14,870.25 on the note is affirmed. In all other respects, it is reversed. The matter is remanded with directions to award plaintiff attorney's fees in accordance with the terms of the note and pre-judgment interest in accordance with § 408.020, RSMo.

PUDLOWSKI and KAROHL, JJ., concur.