STATE of Missouri, ex rel. The BRANTON FAMILY PARTNERSHIP, L.P., and Griffith Gaming, Inc., Respondents,

v.

JACKSON COUNTY, Missouri and The Jackson County Legislature,
Appellants.

No. WD 48927.

Missouri Court of Appeals,
Western District.

June 14, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 2, 1994.

James G. Walsh, Jr., Jolley, Walsh & Hager, Kansas City, for appellants.

Kenneth I. Fligg, Jr., George M. Bock, Slagle, Bernard & Gorman, John M. Edgar, Ronald L. Holt, W. Eugene Cox, Bryan Cave, Kansas City, for respondents.

Before TURNAGE, C.J., and FENNER and ELLIS, JJ.

TURNAGE, Chief Judge.

The Branton Family Partnership, L.P. and Griffith Gaming, Inc., brought an action for mandamus and declaratory judgment to require Jackson County to approve the use of an easement.[1] The court entered judgment declaring that Jackson County had unreasonably withheld approval and entered an order requiring the County to give its approval to the easement. The County appeals and contends that the Legislature had the right to consider the use of the dominant tenement in considering whether or not to approve the easement. Affirmed.

In August 1974 Mary Shaw Branton conveyed a strip of land to Jackson County. The strip was three hundred feet wide lying on the south side of the Missouri River and adjoining La Benite Park on the east. The deed reserved a one hundred foot wide easement across such strip in the following provision:

> Subject to an easement over, under and across the following described tract of land ... for ingress to and egress from the Missouri River for industrial, agricultural, recreational or other purposes, subject, however to approval of [the county], which approval shall not be unreasonably withheld.

La Benite Park is an "L" shape tract of ground. The leg of the "L" is the three hundred foot wide strip on the south side of the river which is crossed by the easement. The base of the "L" runs from the river south on the east side of Missouri Route 291.

Branton owned property immediately south of the leg and east of the base of the "L" which was the dominant tenement to the easement. Branton conveyed her property, including the easement, to The Branton Family Partnership, L.P. Thereafter, The Branton Family Partnership, L.P. granted an option to Griffith to purchase the land and easement owned by the Partnership.

The Branton Partnership and Griffith requested Jackson County approve the use of the easement for a covered walkway thirty feet wide and elevated above the surface to be used by pedestrians for ingress and egress to a riverboat to be located on the Missouri River to be used for riverboat gambling. Griffith proposed to build parking lots, bowling alleys, movie theaters, retail outlets, restaurants and a hotel on the dominant tenement. The easement would be used by customers of Griffith to go back and forth from the dominant tenement to the riverboat.

---

1. The petition named only Jackson County, but on its motion, the Jackson County Legislature was allowed to intervene as a defendant.

After hearing the plans of Griffith for the use of the dominant tenement and the easement, the County Legislature voted to deny approval for the use of the easement. The Legislature later stated that its denial was based on the adverse environmental effects on La Benite Park by Griffith's proposed use of the dominant tenement. The County further stated that the number of automobiles and persons attracted to the Griffith facilities would interfere with the quiet and peaceful enjoyment of La Benite Park by those wishing to use the park.

The Jackson County Legislature took the view that it could deny approval for the use of the easement based solely on the use which Griffith planned to make of the dominant tenement.[2]

The trial court found that the use which Griffith planned to make of the dominant tenement was immaterial and that in considering whether or not Jackson County had unreasonably withheld approval the court would consider only the use which Griffith planned to make of the easement, i.e. a pedestrian walkway. The court held that using such easement for pedestrians to gain access to a boat was reasonable and that the Legislature had unreasonably withheld its approval.

On this appeal, counsel for Jackson County has raised a number of points, but with commendable frankness states that if the trial court was correct in considering only the use to be made by Griffith of the easement, then the County is "out-of- court" and it is unnecessary to consider the points raised. The County concedes the easement is not the problem—the problem is the development of the dominant tenement which is planned to be used in connection with riverboat gambling.

■ Jackson County contends that a reasonable interpretation of the easement reserved by Branton would give the County the right to consider the use of the dominant tenement. Jackson County gives no hint as to the source of this interpretation and this court can find none.[3] The reservation speaks only of the easement and fails to mention the dominant tenement. The only subject of the reservation is the easement for ingress to and egress from the Missouri River for recreational and other stated purposes. The reservation of easement clearly limits the County to consideration of the use to be made of the easement.

■ In *Stern Fixture Co. v. Layton,* 752 S.W.2d 341, 343[2, 3] (Mo.App.1988), the court held:

A court cannot, under the guise of construing an agreement, write provisions into it when the record neither shows what the parties actually intended nor provides a basis for determining by some rule of implication or construction what the parties must have intended, or should be held to have intended, as reasonable persons acting in good faith. *Johnston v. First Nat'l Bank & Trust Company of Joplin,* 624 S.W.2d 500, 502 (Mo.App.1981). A court cannot make a contract for the parties that they did not make for themselves, or impose upon the parties obligations they have not assumed. *Id.* at 503.

The County would have this court rewrite the provision of the easement in order to hold that the County had the right to withhold approval of the use of the easement based upon the intended use of the dominant tenement. Under settled contract law as stated in Stern, this court may not write provisions into the reservation of the easement or make a contract which the parties did not make. If the parties had intended to restrict the use of the dominant tenement in connection with the use of the easement, the parties would have done so. However, the reservation of the easement makes no mention of the dominant tenement and the only limitation on the use of the easement is that it be for industrial, agricultural, recreational or other purposes. The County does not

---

2. Jackson County concedes that the land involved is located in the City of Sugar Creek and that Jackson County has no power to zone such land.

3. There is no contention that the reservation of the easement is ambiguous. No other part of the deed in which the easement was reserved is shown in the record. The County did not introduce any evidence at the hearing in this case.

deny that the use which Griffith proposes is for recreational purposes.

█ The court correctly concluded that it could only look to the use which Griffith proposed to make of the easement and could not consider the use which Griffith planned to make of the dominant tenement. Griffith met the only qualification placed on the use of the easement which was that it be used for recreational purposes. The court correctly entered judgment declaring that the County Legislature had unreasonably withheld approval for the use of the easement. It follows that the court correctly entered an order requiring the County Legislature to grant approval to Griffith for the use of the easement by persons going to and from its riverboat.[4]

The judgment is affirmed.

All concur.

---

4. Griffith recognizes the holding in *Harris v. Missouri Gaming Comm'n*, 869 S.W.2d 58 (Mo. banc 1994), but says this does not make the issues in this case moot. Griffith says it intends to offer whatever games are legal on its boat.