**Jesse WINTERMUTE, Joann Wintermute, Phil Snowden, John Swanson, and William E. Johnson, Plaintiffs–Appellants,**

v.

**Benjamin DELGADO, a single man, and Benjamin Delgado, Trustee URTA of Benjamin Delgado Trust, dated September 5, 1989, and Great Southern Savings Bank, Defendants–Respondents.**

**No. 20045.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1996.

Motion for Rehearing and Transfer to Supreme Court Denied Feb. 23, 1996.

---

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, and Donald W. Ingrum, Ingrum & Wilson, P.C., Branson, for appellants.

Robert M. Sweere and Ivella McWhorter Elsey, Springfield, for Respondent Benjamin Delgado.

Traci J. Turner, Springfield, for Respondent Great Southern Savings Bank.

PREWITT, Presiding Judge.

Plaintiffs sought specific performance compelling Defendants to convey certain real property in Taney County, Missouri, to them, pursuant to a "Contract for the Sale of Real Estate." Following non-jury trial, judgment was entered in favor of Defendants on Plaintiffs' petition. The trial court also denied Defendants the relief sought in their counterclaim, but as they do not appeal, the relief sought and that denial are not relevant here. Plaintiffs appeal.

Review of a non-jury matter is under Rule 73.01(c). As that rule is interpreted, where, as here, there is only a question of law, this Court is to affirm unless the trial court erroneously declared or applied the law. *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

Plaintiffs Jesse Wintermute and Joann Wintermute entered into an agreement with Defendant Benjamin Delgado to purchase a tract of land in Taney County containing "64 acres, more or less." The purchase price was $3,600,000.00. Fifty thousand dollars was paid by Plaintiffs at the time of the signing of the contract and placed in escrow until closing. The initial closing date was July 10, 1992, with the provision that:

> If closing cannot be on date of July 10, 1992, for any reason, the Buyers shall deposit an additional $100,000.00 with Taney

County Title & Escrow Company and closing shall be no later than September 10, 1992, unless parties mutually agree on an alternate date.

A part of the agreement provided, "[T]he Seller shall deliver to Buyers prior to the date of closing a commitment to issue an owner's policy of title insurance." The contract also stated, "PARTIES TO PERFORM PROMPTLY: It is understood and agreed that because of the commitments of the parties that time is of the essence of this agreement ..." After the signing of the contract, the Plaintiffs, other than the Wintermutes, purportedly obtained an interest in the contract by assignment from the Wintermutes.

The transaction was not in a position to be closed on July 10, 1992. On that date Plaintiff Jesse Wintermute gave a check for $110,000.00 to the realtor for Defendants. Ten thousand dollars of that amount pertained to another transaction not relevant here. The check was not honored by the bank when presented five days later. The following day Plaintiff Jesse Wintermute stopped payment on it. Because of the failure to make this $100,000.00 payment, Defendants contend that the contract was breached and they had no obligation to proceed further. The trial court agreed with Defendants.

Plaintiffs' point on appeal states:

The trial court erred by entering judgment denying Appellants the remedy of specific performance of the contract to purchase real property because Appellants had not failed to perform their obligations under the contract, in that Appellants were excused from their duty to pay the $100,000.00 installment of the purchase price by Respondent Delgado's failure to provide a signed title insurance commitment to Appellants prior to or contemporaneously with the time called for under the contract for the $100,000.00 payment.

■ Thus, the only question presented, and the only one answered, is if, under the contract, the title insurance commitment was to be delivered at or before the $100,000.00 deposit was required.

■ A party seeking specific performance must have tendered everything that was due on his part, unless the tender was excused or waived by the seller's conduct. *Jensen v. Borton,* 734 S.W.2d 580, 584 (Mo.App.1987).

■ It is true, as Plaintiffs state, that the intent of the parties is to be determined from the entire instrument. *See, e.g., Merz v. First Nat'l Bank of Franklin County,* 682 S.W.2d 500, 502 (Mo.App.1984). However here the agreement is clear and we find nothing in the contract, and nothing is pointed out to us in it, that changes the clear statement as to when the title insurance commitment is to be provided. Where the terms of the contract are clear, this Court does not supply additional terms, but applies the agreement as written. *Hartzler v. American Family Mut. Ins. Co.,* 881 S.W.2d 653, 654 (Mo.App.1994); *Johnston v. First Nat'l Bank and Trust Co.,* 624 S.W.2d 500, 503 (Mo.App. 1981).

The title commitment was to be delivered "prior to the date of closing," not prior to the deposit of the $100,000.00. By not making that payment, the trial court was justified in finding that Plaintiffs were not entitled to specific performance.

■ In addition, even if all or part of the agreement relevant here could be said to be ambiguous, by Defendants requesting the payment, and an apparent attempt at payment being made in behalf of Plaintiffs, it appears the parties understood that the $100,000.00 was due without the necessity of delivery of the title commitment. "An interpretation placed on a contract by the parties prior to the time it became a matter of controversy is entitled to great, if not controlling, influence in ascertaining the intent and understanding of the parties and the courts will generally follow such construction." *Johnston,* 624 S.W.2d at 502. *See also, Baker v. Whitaker,* 887 S.W.2d 664, 670 (Mo.App.1994); *General Motors Acceptance Corp. v. Woolbright Motors, Inc.,* 718 S.W.2d 638, 642 (Mo.App.1986).

The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.