**STATE of Missouri, Respondent,**

v.

**Gregory L. JONES, Appellant.**

**No. WD 33586.**

Missouri Court of Appeals, Western District.

Nov. 16, 1982.

Michael C. McIntosh, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a judgment entered in accordance with a jury conviction of appellant for the offense of stealing in violation of § 570.030, RSMo 1978. The judgment is affirmed.

 Appellant's sole point charges the trial court erred in overruling his pretrial and trial motions to suppress photo identification of appellant because such identification was unduly suggestive.

Appellant does not challenge the sufficiency of the evidence, so a brief summary thereof suffices.

The victim of the crime had entered a local fast food restaurant and secured a carry-out order at approximately 12:30 p.m. on April 14, 1981. As she was leaving, someone shoved her from behind and her purse was snatched from her possession. The person taking her purse ran a short distance to an awaiting car. The victim

could not identify the persons who stole her purse but she observed appellant as the driver of the car.

On April 29, 1981, the victim was asked to view an array of photos (five mug shots) by local police. The victim did so and selected appellant's photo therefrom.

Appellant filed a pretrial motion to suppress. He signed a waiver of appearance for the suppression motion, his counsel offered the waiver, and it was accepted by the trial court. At this hearing, the detective who had requested the victim to view the photos testified that the photos were placed on a desk or table and the victim was permitted to view them without involvement by any other person. This officer testified that he called the victim, requested that she appear to look at the photos, and advised her that authorities had a suspect. The police did not identify appellant to the victim. The victim testified that the police did not advise her that they had a suspect, but merely requested that she appear to look at photos. No line-up was conducted.

The victim made a positive in-court identification of appellant.

The sole question before this court is whether the identification of appellant by pre-trial and in-court photographic identifications was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," and that the reliability of identification is to be reviewed from the "totality of the circumstances". *State v. Greer,* 609 S.W.2d 423, 435–436 (Mo.App.1980) (discussion of and authorities cited therein omitted).

Appellant relies upon *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), holding that identification of an accused by use of "mug shots" was constitutionally permissible, but recognizing the danger that a witness might make an incorrect identification; and *State v. Letourneau,* 515 S.W.2d 838 (Mo.App. 1974), which discusses dictum from the case of *People v. Holiday,* 47 Ill.2d 300, 265 N.E.2d 634, 45 A.L.R.3d 948 (1970) to the effect that where there exists a more reliable means of identification available, the use of "mug shots" may be an unnecessary and suggestive means of identification. In its discussion of this dictum, the court in *Letourneau* declared: "We need not involve ourselves in judicial experimentation as to so-called improved techniques for identification of criminals and thus limit our ruling on this point by holding defendant's complaint of constitutional error to be without merit." *Letourneau* at 842–843. Neither *Simmons* nor *Letourneau* aid appellant.

There is absolutely no evidence in the record of any suggestion to the victim concerning selection of appellant's photo. While the detective testified that he advised the victim of a suspect, there is no evidence that appellant was identified as such. In addition, the victim testified that she was never advised there was a suspect. The evidence makes it absolutely clear that the victim possessed no pre-identification thought as to the selection of appellant's photo. She made a consistent identification of the photo at trial in addition to an unequivocal in-court identification of appellant.

Appellant enlarges his attack upon his identification by pointing out that there was no police line-up conducted and infers from that fact that the use of the mug shots were further suggestive. This same contention arose in *Letourneau* and was found to be meritless.

While appellant attacks his *in-court* identification by the victim, he puts forth no argument in support of that challenge and this court finds such contention to be meritless. The victim, subject to vigorous direct and cross-examination, made an unhesitating and unequivocal identification of appellant at trial.

The evidence reveals that it was the victim's judgment that she observed appellant some three to four minutes or less as he sat behind the wheel of a car, during which time his accomplice ran from the immediate presence of the victim to the awaiting car and proceeded to enter the back seat of the car. There was nothing obstructing the victim's view of appellant during this time.

When asked how long her observation lasted, the victim testified, "Not very long, just long enough to burn it in your mind." She also testified that appellant "turned around, looked at me right square in the face." As noted above, the record is completely void of any evidence of impermissible suggestion as to the identification of appellant and reveals that the victim made a positive and entirely voluntary selection of appellant's photo.

There is no merit to appellant's point (1). The trial court did not err in overruling appellant's motion to suppress, nor did the trial court err when it overruled his objection to the introduction of the same photo at trial.

■ As a concluding note, appellant at trial had offered a photo purporting to be a mug shot of a friend of appellant. This exhibit was admitted without objection from respondent during appellant's testimony. On appeal (in his statement of facts but not within the point relied upon or argument) appellant states that the victim "was not afforded an opportunity to view the mug shot or photograph of Scott Hazel, a friend of appellant's, quite similar in physical appearance to the defendant." Hazel was identified by appellant as the one who committed the offense against the victim. This court has considered this factor so that there will be no confusion as to the victim's testimony. The victim did not identify appellant as the person who actually took her purse, but rather as the person who drove the car from the scene. The fact that appellant introduced the friend's photo for the purpose of advising the jury that the friend committed the offense without the victim not being "afforded an opportunity" to view the photo cannot be said to have been prejudicial to appellant. The identification of Hazel as the person who took the victim's purse proves just that and is not related to the identification of appellant or appellant's participation in the offense. The victim had already testified that she could not identify the person who took her purse. There is no merit to appellant's suggestion that this prejudiced his rights at trial.

There is no evidence from the "totality of the circumstances" that the identification of appellant was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Greer, supra.*

Appellant's charged error is found to be without merit and is ruled against him.

Judgment affirmed.

All concur.