STATE of Missouri, Respondent,

v.

Harold HAYDEN, Appellant.

Harold HAYDEN, Movant,

v.

STATE of Missouri, Respondent.

No. 60995.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1994.

**884**

S. Paige Canfield, Office of the Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant, Harold Hayden, appeals from his conviction of murder in the second degree, § 565.021 RSMo 1986, two counts of armed criminal action, § 571.015 RSMo 1986, one count of attempted robbery in the first degree, § 564.011 RSMo 1986, and three counts of robbery in the first degree, § 569.-020 RSMo 1986. Defendant was sentenced to a term of life imprisonment for the second degree murder and an additional 471 years of imprisonment on the remaining convictions. He was charged with first degree murder and the state intended upon conviction to seek the death penalty.

Defendant contends the trial court erred in overruling his objection to the prosecution's use of peremptory strikes to remove African–

Americans from the venire panel. He further contends the trial court erred by not entertaining his objection to the prosecutor's use of peremptory strikes to remove women from the venire panel. Defendant also challenges the use of MAI–CR3d 302.04 defining "reasonable doubt". Finally, defendant asserts the motion court erred in denying him an evidentiary hearing for his Rule 29.15 motion for post-conviction relief.

Prior to peremptory challenges the pool of qualified jurors consisted of six African–American females, three African–American males, fifteen white females, and six white males. There were four white females in the alternate pool. The state used its nine peremptory strikes to remove five African–American females, three white females, and one white male. At that time, the defense raised a Batson[1] challenge claiming the state used its peremptory challenges in a racial and gender biased manner. The trial court held Batson applied only to racial discrimination and required the state to give race-neutral explanations for the five African–American venire persons who had been peremptorily struck. Although the prosecutor offered to give explanations for the three white female venirepersons who had been peremptorily struck, the trial court refused to allow those explanations.

The Batson challenges were timely made as they were presented prior to dismissal of the excused jurors. State v. Parker, 836 S.W.2d 930 (Mo. banc 1992) [10]. The defense identified venirepersons Cowper, Wilson, Simmons, Brown, and Jones as members of the African–American race. The prosecutor offered a variety of explanations for striking each venireperson, but common to all five was the fact that they were "weak on the death penalty".

The trial court's determination regarding purposeful racial discrimination in the use of peremptory strikes is a finding of fact and will not be disturbed on appeal unless it is clearly erroneous. State v. Tomlin, 864 S.W.2d 364 (Mo.App.1993) [10]. Clear error is established only when the reviewing court is left with a definite and

1. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

firm conviction a mistake has been made. *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987) [17].

■ A prospective juror's stance on the death penalty is relevant to a prosecutor's conduct of a capital case, and is unrelated to any racial considerations. At trial, the defense failed to make any argument to demonstrate the state's rationale was a pretext. Defendant has failed to establish error in the trial court's ruling.

■ The United States Supreme Court has recently held gender to be an unconstitutional proxy for juror competence and impartiality. *J.E.B. v. Alabama ex rel. T.B.,* —— U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). That opinion extends the holdings of *Batson* and its progeny. Although *J.E.B.* like *Batson* remains silent on its specific application we find the substance and procedures established by the *Batson* line of cases are equally applicable to challenges made to peremptory strikes based on gender bias. The *J.E.B.* decision is thus applicable to the present case as it is pending on direct appeal and not yet final. *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) S.Ct. [2, 3].

■ Defendant established an adequate record indicating the targets of the qualified venire panel, the composition of the state's peremptory strikes, and the final composition of the jury. Any attempts to resolve the issue of gender discrimination at trial were summarily cut-off by the trial court. The issue has been preserved.

■ Defendant's request for a new trial, however, is not a proper remedy. Where a criminal defendant made a specific objection and made or attempted to make the necessary record, the proper course of action is to remand for a hearing to determine whether a reversal and retrial is required. *State v. Taylor,* 747 S.W.2d 146[2] (Mo.App.1987). The posture of the case and the current state of the law require this case to be remanded to determine if the prosecutor's use of peremptory strikes to remove venirepersons Wilson, Tayoan, and Swayne was motivated by a gender bias. The trial court has already found that the five African–American women were removed for legitimate non-discriminatory reasons. The reasons advanced

were both race and gender neutral. No further determination of the challenges of those venirepersons is required.

■ After trial, defendant filed a Rule 29.15 motion for post conviction relief. The state filed a motion to dismiss, and the motion court held a hearing on the state's motion. At the hearing, defendant claimed ineffective assistance of counsel at trial based on counsel's failure to call two witnesses. After some questioning it was adduced that defendant had become aware of these potential witnesses after the conclusion of his trial. Their alleged testimony would be that while confined with the co-defendants in the case they heard the co-defendants agree to state that defendant was the triggerman in the murder. The co-defendants did not testify.

■ To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, a movant must plead facts which, if true, would warrant relief. *State v. Anderson,* 862 S.W.2d 425 (Mo.App.1993) [34–36]. To prevail on an ineffective assistance of counsel claim, movant must establish that counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at [25–27].

Counsel was unaware of the existence of the alleged witnesses at the time of trial. Nothing in the record or defendant's motion gives any hint that investigation, no matter how detailed, would have located witnesses with this purported information. The trial court's ruling was not clearly erroneous.

Defendant's final point contends the trial court erred by submitting MAI–CR3d 302.04 defining "reasonable doubt". This argument has been repeatedly rejected. *State v. Griffin,* 848 S.W.2d 464 (Mo. banc 1993) [8].

The cause is remanded for hearing on the *Batson* challenges to venirepersons Wilson, Tayoan and Swayne. The trial court shall certify to this court a record of its proceeding and findings.

SIMON, P.J., and PUDLOWSKI, J., concur.