William F. WHITTOM, et al.,
Plaintiffs/Appellants,

v.

ALEXANDER–RICHARDSON PART-
NERSHIP, et al., Defendants/Re-
spondents.

No. 67269.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 26, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 29, 1996.

Application to Transfer Denied
March 26, 1996.

**334**

James A. Stemmler, St. Louis, for appellants.

Ellsworth Cundiff, Jr., St. Charles, for respondents.

CRAHAN, Presiding Judge.

Plaintiffs, a class of subdivision residents and landowners, appeal the adverse judgment entered on their claim of prescriptive easement across defendants' adjacent land following remand ordered in *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504 (Mo. banc 1993) (hereinafter "*Whittom I* "). We affirm.

The procedural history and much of the evidence is set forth in *Whittom I*. The plaintiff class is comprised of residents and homeowners in Lake Village Subdivision. Defendants own land adjacent to the subdivision. The only means of access to the subdivision from the nearest public road is across defendants' land. Until 1988, plaintiffs used a gravel roadway across defendants' land to gain access to their property. In 1988, defendants constructed another gravel road for plaintiffs' use, blacktopped the old roadway and placed a barricade at the end nearest the subdivision to prevent plaintiffs from using the old roadway for access to their property.

Plaintiffs originally brought a five count petition seeking declaratory and injunctive relief to establish their right to continue to use the original roadway and damages for interference with their right to use the original roadway. The action was certified as a class action and tried to the court without a jury. At the conclusion of the trial, the court directed plaintiffs to elect between two of their pleaded theories, common law dedication and prescriptive easement. Noting their objection, plaintiffs elected to submit on common law dedication. The court entered judgment for defendants on that count and the remaining counts.

On appeal, the Missouri Supreme Court held that it was error to require plaintiffs to elect between their pleaded theories of common law dedication and prescriptive easement because, on the facts presented, the theories were not necessarily repugnant to each other so as to justify requiring an election. Because the trial court had never ruled on the claim of prescriptive easement, that claim was remanded for entry of judgment based on the evidence adduced at trial. *Id.* at 509. The judgment was affirmed on the remaining counts. *Id.* at 510.

On remand, the trial court entered judgment for defendants on the prescriptive easement claim. The propriety of that judgment is the sole issue presented in this appeal.

Our review of this case is governed by the familiar standards expressed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court must be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. Further, we are admonished to exercise our power to set aside a judgment on the ground that it is "against the weight of the evidence" with caution and only with a firm belief that the judgment is wrong. *Id.* Additionally, we must defer to the trial court's superior ability to judge the credibility of witnesses. *State v. Hayden*, 878 S.W.2d 883, 884–85 (Mo.App. 1994).

Plaintiff's Points Relied On, in their entirety, are as follows:

I

THE TRIAL COURT ERRED IN HOLDING THAT THE PLAINTIFFS' PROOF DOES NOT SUPPORT THEIR CLAIM OF PRESCRIPTIVE EASEMENT BECAUSE PLAINTIFFS' PROOF CLEARLY MEETS THE REQUIREMENTS OF A PRESCRIPTIVE

EASEMENT SET OUT BY THE SUPREME COURT OF MISSOURI IN THE PRIOR APPEAL OF THE CASE TO THE MISSOURI SUPREME COURT.

## II

THE TRIAL COURT'S DECISION FOR DEFENDANTS WAS CLEARLY ERRONEOUS, EVEN IF THE JUDGE HAD CONSIDERED ALL THE PROOF IN THE CASE, SINCE THE DEFENDANTS' EVIDENCE WOULD NOT HAVE BEEN SUFFICIENT UNDER THE REQUIREMENT OF *MURPHY V. CARRON* FOR THE COURT TO HOLD FOR DEFENDANTS. THEREFORE, THIS COURT SHOULD REVERSE OUTRIGHT AND HOLD FOR OR DIRECT A DECISION FOR PLAINTIFFS.

Neither of these points satisfy the requirements of Rule 84.04(d). The first point fails to identify what proof plaintiffs maintain meets the requirements for a prescriptive easement. *See Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). The second point fails to inform us what plaintiffs claim defendants' evidence was required to establish or why it fails to do so. *Id.* at 685–86. From the argument, however, it is clear that plaintiffs' complaints on appeal are essentially twofold: (1) the trial court improperly considered only plaintiffs' evidence in rendering its judgment; and (2) even assuming the trial court considered all of the evidence, the judgment is not supported by substantial evidence. The former contention is not supported by the record and the latter issue is addressed fully in defendants' brief. Accordingly, in view of the fact that defendants make no complaint and have apparently suffered no prejudice by reason of plaintiffs' failure to comply with Rule 84.04(d), we will exercise our discretion to reach the merits. *See Bergsieker v. Schnuck Mkts, Inc.,* 849 S.W.2d 156, 160 (Mo.App.1993).

Plaintiffs' contention that the trial court improperly limited its consideration to plaintiffs' evidence is based on language in the judgment essentially mirroring language in the Missouri Supreme Court's opinion remanding the cause for a determination of "whether the proof adduced by plaintiffs supported their claim of prescriptive easement...." *Whittom I,* 851 S.W.2d at 509. Although the judgment is indeed couched in terms of plaintiffs' proof, we do not interpret either the opinion in *Whittom I* or the judgment itself as limiting consideration to plaintiffs' evidence alone. Indeed, such an interpretation of the judgment would be inconsistent with the trial court's earlier ruling denying defendants' motion for a directed verdict at the close of plaintiffs' evidence when the case was first tried. Our interpretation of the judgment is that the trial court held that plaintiffs failed to carry their burden of proof based on all of the evidence submitted to the court. This interpretation is consistent with the Missouri Supreme Court's observation immediately preceding the language quoted above to the effect that "[w]hether the plaintiffs proved that their use of the road was adverse under the law of prescriptive easements is a matter for decision by the trier of fact [as is proof of the remaining elements]." *Id.* Plaintiffs do not dispute that they bore the ultimate burden of proof on their claim of prescriptive easement. In sum, we find that the sole issue presented is whether, considering the record as a whole, the trial court's determination that plaintiffs failed to satisfy that burden of proof is supported by substantial evidence.

■ To establish a claim of prescriptive easement, it is necessary to show use that has been continuous, uninterrupted, visible and adverse for a period of ten years. *Whittom I,* 851 S.W.2d at 508. Neither party requested written findings of fact and conclusions of law so we must assume that all factual findings were in accordance with the result reached by the trial court. *Askins v. James,* 642 S.W.2d 383, 386 (Mo.App.1982). In this particular case, both plaintiffs' and defendants' evidence established that plaintiffs' use of the old roadway was continuous, uninterrupted, and visible for the requisite period. Thus, the sole issue presented on appeal can be further narrowed to whether there was substantial evidence to support a finding that plaintiffs' use of the roadway was not adverse.

In their brief, plaintiffs draw our attention to testimony by various residents of Lake Village Subdivision to the effect that they either believed they had a nonexclusive right to use the road, and thus required no permission, or believed that the road had been dedicated to public use. In *Whittom I*, the Missouri Supreme Court held that all that is required is that the use proceed without recognition of the owner's authority to permit or deny use. *Id.* at 508. Further, proof that use of the roadway was in a manner clearly indicating that plaintiffs claimed a nonexclusive right to use the property without the need to obtain defendants' permission can constitute the requisite proof of adversity. *Id.* at 509. Applying the standards set forth in *Whittom I*, it is clear that plaintiffs offered testimony that, *if believed by the trial court*, was sufficient to support a judgment in their favor. However, this is not the issue. The issue is whether there was evidence that, if believed by the trial court, would support a finding that plaintiffs' use of the roadway was not adverse. *Murphy v. Carron*, 536 S.W.2d at 31. We find that there was evidence to support such a finding.

As defendants point out, Mr. Whittom, one of the named class representatives, testified that it was his impression all along that his use of the road was with the owner's permission. Mr. Whittom had been using the road since 1954. He lived in the subdivision until 1966 and acquired his parents' interest in the property when his mother passed away in 1975. Mr. Whittom further testified that the other owners concurred in this conclusion that their use of the road was with defendants' permission. Nowhere in his testimony did Mr. Whittom qualify his belief as to the permissive character of the plaintiffs' use as a belief that the roadway had been dedicated to public use as a public roadway or that the use was otherwise inconsistent with defendants' right to revoke permission. Although Mr. Whittom never specifically asked anyone for permission to use the road,[1] his testimony that the use of the road was with the permission of the owners is squarely inconsistent with the element of adversity essential to a claim of prescriptive easement. Further, although his testimony about his understanding of the views of the other residents may be entitled to little weight, Mr. Whittom's status as a named class representative supports an inference that his claims and defenses are typical of the class as a whole. *See* Rule 52.08(a)(3). Accordingly, we hold that there is substantial evidence to support a finding that plaintiffs' use of the roadway was not adverse to defendants' right to control its use.

We further find that this conclusion is consistent with the record as a whole. It was undisputed at trial, and obvious from the exhibits, that plaintiffs' sole means of access to their property is and has been for many years to cross defendants' land. As long as there was only one roadway in existence across the land, it is natural that defendants would permit plaintiffs to use it. Absent such permission, plaintiffs could have maintained an action to establish a roadway by necessity. *See* § 228.342 *et seq.* RSMo1994. Over the years, however, defendants and their predecessors' use of their property changed. Basins for the yacht club operated on the property were expanded at least three times. Security for the boats stored in the slips at the yacht club became a major concern. To address this concern, defendants planned to construct a security fence and to limit access to the yacht club by means of security cards. Before constructing the security fence, defendants constructed, at their expense, an alternate gravel road for plaintiffs' use so they could continue to gain access to their property without passing through the planned security area. Thus, defendants do not and have not denied that plaintiffs have a right to cross their property or, so long as the old roadway was the plaintiffs' only means of access, that they lacked permission to use it. Rather, defendants' position is essentially that plaintiffs' use of the old roadway with defendants' permission cannot and did not establish a right to access plaintiffs' property by that means in perpetuity after defendants made other means of

---

1. Although Mr. Whittom testified that he never specifically asked for permission to use the road, one of defendants' partners testified that subdivision residents had requested and received permission to park vehicles on the road during flood periods.

access available. Mr. Whittom's testimony was, at the very least, consistent with this understanding. Based on our review of the record as a whole, we cannot say that the judgment was against the weight of the evidence or erroneously declared or applied the law.

Judgment affirmed.

CRANDALL, and DOWD, JJ., concur.