**STATE of Missouri, Plaintiff–Respondent,**

v.

**Isom O. WINTERS, Defendant–Appellant.**

**No. 21301.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 24, 1997.

---

Gary E. Brotherton, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Judge.

A jury convicted Isom O. Winters (Defendant) on four counts of sale of a controlled substance. He was sentenced to a total of 20 years in the Missouri Department of Corrections. At trial, Defendant made a *Batson* challenge charging a racially-biased motivation for a peremptory strike of a venireperson and a gender-biased motivation for the same strike made by the State. The trial court overruled Defendant's *Batson* challenge regarding alleged racial and gender bias, finding that the State presented both a race-neutral and gender-neutral reasoning behind his challenged peremptory strike. Defendant appeals the trial court's overruling of the Batson challenge. We affirm the trial court's decision.

## FACTS

An undercover informant working for law enforcement officers in Dunklin County, Mis-

souri, purchased rock cocaine from Defendant on four separate occasions. Defendant was charged in Dunklin County with four counts of selling a controlled substance. The trial was held on a change of venue in New Madrid County.

After voir dire, Defendant and the State made their peremptory strikes. The State exercised five strikes, one of which removed venireperson Donna Miles, described as a young black female, from the jury panel. Defendant raised a *Batson* challenge, alleging that striking venireperson Miles was racially based.

In response to the *Batson* challenge, the State asserted two reasons for striking Miles. First, the State noted that Miles was a "young female" and that "virtually all of the young females" had been stricken. Second, the State explained that Miles had not returned a jury questionnaire. Defendant pointed out that Miles had returned a questionnaire under a different last name. The State took the opportunity to mention for the record that a black female venireperson was serving on the jury. The court overruled the challenge.

Defendant then raised a challenge that the State's peremptory strikes were based on gender bias. The State responded by stating that the strikes were targeted at younger jurors. The State noted that a young male had also been the subject of a peremptory strike. The State explained a belief that younger jurors would "have a different approach to prosecutions in drug cases than older panelists." The court noted that five women would sit on the jury panel, and overruled Defendant's gender bias challenge.

The jury convicted Defendant on all four counts, and he was sentenced to incarceration for a total of 20 years. This appeal followed.

Defendant's sole point relied on charges that the trial court erroneously overruled his objection to the State's peremptory strike of venireperson Miles because the strike was racially motivated and the stated racially-neutral explanation given by the State was

pretextual. On appeal, Defendant asserts that this allegedly race-based peremptory strike violated both Defendant's and Miles' equal protection rights under the Fourteenth Amendment to the United States Constitution as stated in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

In response, the State initially claims that Defendant has not preserved his challenge for appeal. The State asserts that Defendant's "Motion For Acquittal After Discharge Of The Jury, Or In The Alternative, New Trial" fails to adequately preserve for appellate review the challenge alleging a Fourteenth Amendment violation. The pertinent part of Defendant's post-trial motion states:

"The court erred when it overruled the defendant's *Batson* challenge as to juror Donna Miles.... The State argued it was striking all young female jurors. Unfortunately, there were not many black jurors on the jury panel. The court overruled defendant's challenge concluding that the State's reasons were race and gender neutral. *The court's ruling violated defendant's right to a fair and impartial jury under the Sixth Amendment of the Constitution of the United States and Article I, Section 18(a) of the Missouri Constitution.* (emphasis added).

█ It is difficult to tell what Defendant is trying to preserve in his post-trial motion. Defendant first refers to a *Batson* challenge. He also notes the court's ruling that the State provided race-neutral and gender-neutral reasons for the strikes. Yet, Defendant next claims the trial court's ruling violates his Sixth Amendment and corresponding state constitutional right to a fair and impartial jury. A challenge based on *Batson* emanates from the Equal Protection Clause of the Fourteenth Amendment, not the Sixth Amendment right to a fair and impartial jury. *See State v. Vincent,* 755 S.W.2d 400, 401 (Mo.App.1988).

█ However, regarding *Batson* challenges, Missouri courts have been lenient with the form of objections and motions. *See State v. Starks,* 834 S.W.2d 197, 198 n. 1 (Mo.banc 1992). Where it is clear from the record that defense counsel intended to make a *Batson* challenge, and the trial court un-

derstood that intention, the form of the motion will not be fatal to review by an appellate court. *State v. Thurman*, 887 S.W.2d 403, 406[1] (Mo.App.1994). In this case, the record at trial indicates Defendant clearly made a *Batson* challenge as to race. Although the constitutional underpinnings stated by Defendant in his post-trial motion are incorrect, he unequivocally states that he made a *Batson* challenge at trial and the denial of that challenge was erroneous. Defendant's timely challenge at trial and post-trial motion preserve this issue for review.

The State also argues that Defendant abandoned his *Batson* challenge based on racial prejudice in favor of a challenge based on gender bias. The record does not indicate that Defendant abandoned the racial bias challenge. Rather, the record reveals that Defendant made two challenges, one to race and the other to gender. Since Defendant raised the *Batson* racial bias challenge in his motion for new trial, the issue is preserved for appeal.

■ An appellate court will only set aside a trial court's findings as to whether a prosecutor exercised peremptory strikes in a discriminatory manner if those findings are clearly erroneous. *State v. Blankenship*, 830 S.W.2d 1, 15[21] (Mo.banc 1992). A reviewing court will deem a finding as clearly erroneous only when it is left with the definite and firm impression that the trial court has committed a mistake. *Id.* The proponent of an overruled *Batson* challenge has the burden of showing that the trial court's ruling was clearly erroneous and that the explanations given by the attorney exercising the peremptory strikes were pretextual. *State v. Boyce*, 887 S.W.2d 447, 451[6] (1994).

The Supreme Court of Missouri has established guidelines to be followed when a defendant raises a *Batson* challenge: (1) the defendant must raise a *Batson* challenge regarding a specific venireperson or venirepersons struck by the state identifying the cognizable racial group to which the venirepersons belong; (2) the trial court must re-

quire the state to provide reasonably specific and clear race-neutral reasons for the strike or strikes; and, (3) if the state provides race-neutral explanations, the defendant will then need to demonstrate that these explanations are a pretext and the strikes were actually racially motivated. *State v. Parker*, 836 S.W.2d 930, 939[12] (Mo.banc 1992).

When Defendant raised his *Batson* challenge, the State offered the explanation that it had stricken venireperson Miles because she was young and female. Later, when faced with a gender bias challenge, the State clarified its explanation indicating it had stricken jurors due to their age. The State explained:

"[T]his is a drug case and the younger jurors I think will have a different approach to prosecutions in drug cases than older panelists, and I took off the younger people of the panel by age, Your Honor, as for my strikes."

■ After the state has explained its reasoning for making a peremptory strike, a trial judge must evaluate the particular case to determine the susceptibility to racial discrimination, the prosecutor's demeanor, and the explanation itself. *State v. Weaver*, 912 S.W.2d 499, 509[5] (Mo.banc 1995), *cert. denied* — U.S. ——, 117 S.Ct. 153, 136 L.Ed.2d 98 (1996); *State v. Antwine*, 743 S.W.2d 51, 65 (Mo.banc 1987). Unless a discriminatory intent is inherent in the proffered explanation, the reason given will be considered race neutral. *Purkett v. Elem*, 514 U.S. 765, 767–69, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834, 839 (1995) (citations omitted). Whether the State's explanation is race neutral should be determined by the totality of the circumstances. *Parker*, 836 S.W.2d at 939[13].

■ Defendant's appeal challenges only the State's explanation itself as being pretextual. When examining the State's explanation in this case, the decisive question is whether the race-neutral explanation for the challenge will be believed. *State v. Lopez*, 898 S.W.2d 563, 569[13] (Mo.App.1995); *State v. Wilhite*, 858 S.W.2d 293, 296[7] (Mo.App. 1993). Defendant relies upon the holding in

*Lopez* to attack the State's explanation for its strike.

In *Lopez*, the defendant attempted to strike a black venireperson. The State objected, citing *Batson*. In response, the defendant explained that the venireperson had been in the Marine Corps, thus more likely to believe rules should be strictly enforced. Despite the defendant's explanation, the trial court agreed with the State's position and left the challenged venireperson on the panel. In doing so, the trial judge noted that *Lopez* had not asked the entire jury panel about past military experience. The western district stated that asking the entire panel about prior military service would have been more compelling than simply striking the questioned juror. *Lopez*, 898 S.W.2d at 569.

Yet, the *Lopez* court also considered the trial court's opportunity to observe the demeanor of counsel, stating that the best evidence of whether or not a trial counsel had discriminatory motive is that counsel's demeanor at trial. 898 S.W.2d at 569[13]. *See also Wilhite*, 858 S.W.2d at 296. In addition, the court of appeals noted that a similarly-situated white juror was not stricken from the jury. *Lopez*, 898 S.W.2d at 569. Based on these particular facts, the *Lopez* court could not find that the trial court clearly erred in sustaining the State's objection.

■■■ *Lopez* can be distinguished from the case at bar. In the present case, Defendant asserts that the State's reason for striking was a pretext. He argues that the State should have questioned the venire about age-related attitudes. This argument echoes language from the *Lopez* opinion. However, the *Lopez* opinion does not find the reason given by the defendant's counsel as being pretextual. In fact, *Lopez* indicates that the defendant's reason—prior military service—could be a race-neutral rationale for striking a juror. 898 S.W.2d at 569. The *Lopez* opinion does not rest on the defendant's lack of questions to the jury panel alone. Instead, the ruling relies upon the absence of those questions coupled with a similarly-situated white juror who was not stricken and the trial court's superior ability to assess counsel's demeanor.

Based on the facts presented for review in this case, we do not find that questions directed to the entire venire regarding age-specific attitudes toward drug prosecutions were needed. The State questioned the venire about their philosophical views about drugs and the legalization of drugs. No one on the panel indicated a problem serving based on his or her philosophy. However, the prosecutor, perhaps based on his experience with young people's attitudes toward drugs, made his challenge and provided a race-neutral reason for the challenge.

■■■ Defendant further argues that a strike based on youth does not qualify as a legitimate racially-neutral explanation in response to a *Batson* challenge. For this proposition, he cites to three foreign cases: *People v. Mays*, 254 Ill.App.3d 752, 193 Ill.Dec. 603, 626 N.E.2d 1154 (1993); *Kynard v. State*, 631 So.2d 257 (Ala.Crim.App.1993); *Richmond v. State*, 590 So.2d 384 (Ala.Crim. App.1991).

The *Mays* case from Illinois actually states just the opposite point for which Defendant claims it stands. The *Mays* opinion indicates that Illinois courts have allowed prosecutors to strike potential jurors "based upon their youth under the assumption that older jurors are more responsible." 193 Ill.Dec. at 612, 626 N.E.2d at 1163. Later in the opinion, the court reiterates that "youth is a legitimate, race-neutral reason for challenging a juror." *Id.* at 612, 626 N.E.2d at 1163[18] (citations omitted). The thrust of the *Mays* court's criticism of challenges based on youth involves inconsistent application of such strikes. *Id.* at 612–613, 626 N.E.2d at 1163–1164.

In *Kynard*, the court states that, under Alabama law, reasons "such as age, unemployment, and occupation are 'highly suspect' categories." 631 So.2d at 269. However, the *Kynard* court clarifies this position by quoting the Alabama supreme court that, "summary declaration that age was a factor . . . was constitutionally deficient and warrants reversal." *Id.* (quoting *Ex parte Bird*, 594 So.2d 676, 683 (Ala.1991)). The *Richmond* opinion interprets language from Justice Thurgood Marshall's concurrence in *Batson* as suggesting that age would be a suspect

factor because it is susceptible to abuse. 476 U.S. at 106, 106 S.Ct. at 1728 (Marshall, J. concurring).

In this case, the State specifically explained why it struck younger venirepersons. Counsel for the State indicated that he believed younger people had different approaches to the prosecution of drug offenses. This explanation was more than a "summary declaration" that age is a factor.

The State's explanation comports with the rationale as stated in *Purkett* that a stated reason does not have to be "a reason that makes sense, but a reason that does not deny equal protection." 514 U.S. at 769, 115 S.Ct. at 1771, 131 L.Ed.2d at 840. In addition, Missouri law indicates that age is an appropriate race-neutral factor for the State to consider in using a peremptory strike. *State v. Davis*, 936 S.W.2d 838, 841[2] (Mo.App. 1996); *State v. Thurman*, 887 S.W.2d 411, 413 (Mo.App.1994); *State v. Hlavaty*, 871 S.W.2d 600, 604 (Mo.App.1994); *State v. Blunk*, 860 S.W.2d 819, 821 (Mo.App.1993).[1] The reasoning in Defendant's Alabama cases does not persuade us to rule contrary to established Missouri precedent.

Defendant's point is denied and his conviction is affirmed.

PARRISH, P.J., and BARNEY, J., concur.

1. In addition, the Missouri Court of Appeals has rejected the invitation to expand *Batson* to include age. *State v. Kelly*, 885 S.W.2d 730, 734–735[5] (Mo.App.1994).